## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MARKETING, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-3281 |
| | § | |
| MARIA MEDELES, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

Pending before the court are the plaintiff's request for entry of default and motion for default judgment. Dkts. 8, 9. For the following reasons, the request and motion are GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Innovative Sports Marketing, Inc. ("ISM"), is a broadcast licensee who had the right to exhibit the championship soccer match between Club America and Chivas ("the Event") broadcast on October 8, 2004. Dkt. 1 at 3. ISM was licensed to exhibit the Event at closed circuit locations, such as theaters, arenas, clubs, lounges, restaurants, and other commercial establishments throughout Texas. *Id.* at 2-3. Commercial customers could receive and broadcast the program only through contracts with ISM. Dkt. 10, Ex. A ¶ 5. After receiving sublicense fees, ISM provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. Dkt. 1 at 4.

The first defendant, Maria Medeles, is owner or manager of Emiliano's Sports Bar, a commercial establishment located at 7710 IH 10 East, Houston, Texas 77020. *Id.* at 1. Medeles is an officer and owner of the second defendant, Mexicana Amusement, Inc. *Id.* at 2. Mexicana Amusement is a Texas Corporation doing business as Emiliano's Sports Bar ("Emiliano's"). *Id.* The complaint alleges that the defendants unlawfully intercepted ISM's signal and exhibited the Event to

customers in Emiliano's without having paid the required fees.[1]  It claims that this exhibition violated

the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and

seeks statutory damages pursuant to those sections.  ISM served Medeles with process on October 29,

2007, and Mexicana Amusement with process on October 30, 2007, but to date neither has filed a

responsive pleading in the case.  Dkts. 4, 5.  ISM now moves for entry of default and default judgment

against both defendants.

### DISCUSSION

The record shows that ISM properly served Medeles and Mexicana Amusement each with a

copy of the summons and complaint in compliance with Federal Rule of Civil Procedure 4(e).[2]  *Id.*

Further, though ISM properly served the defendants with a copy of the motion for default judgment

by certified mail, return receipt requested, defendants did not respond before the submission date.[3]

Accordingly, the court GRANTS ISM's motion for entry of default.

ISM seeks damages for violations of the Act pursuant to § 605(e)(3)(C)(i)(II) and  (C)(ii).

Because the court grants a default judgment with respect to the defendants' liability under § 605, the

court will not consider damages under § 553.  Even though the complaint alleges violations of § 553,

it is not clear that damages resulting from one unlawful act of cable or satellite "piracy" are

recoverable under both § 553 and § 605.  The Fifth Circuit has not explicitly addressed whether a

plaintiff can recover under both sections for the same action.  *See Prostar v. Massachi*, 239 F.3d 669,

---

[1]  The Affidavit of Wilford B. Wilder indicates that he observed approximately sixty-five to eighty-two people in Emiliano's during the broadcast of the Event, which was shown on twenty-nine televisions.  Dkt. 10, Ex. A-1 at 1-2.

[2]  The Return of Service indicates that the summons was served personally on the defendants within 120 days after the complaint was filed.  Dkts. 4, 5.

[3]  *See* S.D. TEX. LOCAL RULES 5.6, 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition).

673 (5th Cir. 2001) (recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996) for the proposition that a plaintiff may not recover under both sections).  However, even the courts that have held that liability under § 553 and § 605 overlap often have chosen to impose liability under § 605 and not § 553.  *See Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769 (S.D. Tex. July 25, 2002) (explaining that courts generally award damages under section 605 because it is more generous to plaintiffs).  Therefore, the court will calculate ISM's damages based upon the defendants' liability for violating § 605(a). Judgment will be entered against the defendants for damages and attorneys' fees calculated pursuant to § 605(e)(3)(C)(i)(II) and (C)(ii).

If the aggrieved party elects to take statutory damages as opposed to actual damages for violations of § 605(a), § 605(e)(3)(C)(i)(II) provides that "the person aggrieved may recover an award of statutory damages for each violation of subsection (a) . . . in a sum of not less than $1,000, or more than $10,000, as the court considers just . . . ."  Pursuant to this section, ISM has requested statutory damages in the amount of $10,000.00 against defendants.  The court finds this amount of damages appropriate, particularly in light of the number of customers and televisions involved.  The court therefore awards $10,000.00 in statutory damages to ISM for defendants' violation of § 605(a).

ISM also seeks an increase in damages pursuant to § 605(e)(3)(C)(ii) for the willful violation of § 605(a) "for purposes of direct or indirect commercial advantage."  Because the defendants have not contested the allegations of willfulness, and default judgment has been granted, the court considers the defendants' actions to be willful and for the purpose of commercial advantage. "Based on the limited methods of intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance . . .

3

courts have held conduct such as [intercepting satellite signals] to be willful and for the purposes of direct or indirect commercial advantage or private financial gain." *Al-Waha*, 219 F. Supp. 2d at 776.

ISM requests that the court increase damages by $50,000.00. Dkt. 9 at 21. The court finds the requested increase to be reasonable under the circumstances.[4] Accordingly, the court will increase the statutory damage amount for violating § 605(a) by $50,000.00 because the defendant is considered to have admitted willfulness, and to deter future violations of § 605(a). *See Al-Waha*, 219 F. Supp 2d at 776 ("The deterrence of future violations . . . is one of the objectives of the statute.").

Under the Act, the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). The court finds ISM's request that attorneys' fees equal one-third of the statutory damages to be excessive. However, the court finds ISM's alternative request of $250 an hour for four hours, totaling $1000.00 for attorneys' fees, to be reasonable and orders the defendants to pay ISM $1,000.00 in attorneys' fees. Finally, the court awards ISM post-judgment interest at the rate of 1.63% per annum.

## CONCLUSION

For the foregoing reasons, the court GRANTS ISM's motions for entry of default and for default judgment. The court will enter a Final Judgment on this date.

Signed at Houston, Texas on April 15, 2008.

_____
Gray H. Miller
United States District Judge

---

[4] The court notes that the purpose of this section is to deter future violations, not to put the defendant out of business. *Cf. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("Depending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business.").